UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FELIX P. BOPP, PROFESSIONAL                  CIVIL ACTION
MEDICAL CORPORATION, d/b/a BOPP
DERMATOLOGY AND FACIAL PLASTIC SURGERY

VERSUS                                       No. 06-8111

STATE FARM FIRE AND                          SECTION: I/5
CASUALTY COMPANY, ET AL.


<u>ORDER AND REASONS</u>

The matter before the Court is a motion to remand, filed on behalf of plaintiff, Felix Bopp, Professional Medical Corporation, d/b/a Bopp Dermatology and Facial Plastic Surgery ("Bopp").  Defendants in this matter are State Farm Fire and Casualty Company ("State Farm"), Wayne Leone, and ABC Insurance Company.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of*

*Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20,
2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006
WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher &
Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006);
*Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL
2548255 (E.D. La. Aug. 31, 2006).

    After fully considering the law, the facts, and the
arguments of all parties, the Court finds that the above cited
decisions, when applied to the facts of this case, dictate a
remand.[1]  The Court is inundated with motions to remand in cases
such as this one, and it is neither in the interest of justice
nor judicial economy to issue an extensive, yet repetitive,

---

[1]The Court notes that, on the facts of this case, defendants have failed
to establish that "there is no reasonable basis for the district court to
predict that the plaintiff might be able to recover against an in-state
defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004)
(en banc).  This Court has previously addressed the substantive legal
arguments raised here.  *See Richmond*, 2006 WL 2710566.

As in *Richmond*, the date from which the peremptive periods under La.
R.S. 9:5606 must run is a contested issue of substantive fact in this case.
*Richmond*, 2006 WL 2710566 at *5.  Given that plaintiff generally alleges that
Leone failed to properly advise him, *see* Rec. Doc. No. 1-2, p. 10, the Court
cannot determine, based on uncontested facts, the date from which the
peremptive period should run.  Since this Court must resolve substantive
issues of contested fact in plaintiff's favor, *Richmond*, 2006 WL 2710566, at
*3, defendants cannot satisfy their burden under *Smallwood*.

Additionally, considering the Louisiana case law reviewed in *Richmond,*
there is a reasonable basis to predict that plaintiff might be able to recover
against Leone.  *See id.* at *6.  In *Richmond*, this Court noted that Louisiana
courts have held that an insurance agent's "fiduciary duty includes advising
his client with regards to recommended coverage."  *Id.* (quoting *Durham v.
McFarland*, 527 So. 2d 403, 405 (La. Ct. App. 4th Cir. 1988)).  Here, plaintiff
generally alleges that the agent breached his fiduciary duty to advise
plaintiff regarding his insurance coverage.  Rec. Doc. No. 1-2, p. 10.  While
the Court cannot conclude based on these general allegations that plaintiff
will succeed in his claims against Leone, defendants have failed to establish
that there is no reasonable basis to predict that plaintiff might be able to
recover.

opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[2] is **GRANTED** and the case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, January ___24th___, 2007.

_____
    **LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[2]Rec. Doc. No. 3.

-3-